

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

December 19, 1952

Hon. R. C. Lanning, Chairman
State Board of Control
Austin, Texas                    Opinion No. V-1557

Re: Necessity for approval
by the Board of Control
on vouchers covering re-
imbursement of the grocery
purchases of certain per-
sonnel of the Board for
Texas State Hospitals and
Special Schools.

Dear Sir:

        Your request for our opinion reads in main as
follows:

        "We desire the opinion of your office
as to the duty and responsibility of the
Board of.Control to approve for payment
vouchers covering reimbursement to certain
officials of Institutions under the juris-
diction of the Board for Texas State Hos-
pitals and Special Schools for groceries
Purchased for personal use.

        "On November 12, 1952, the Board for
Texas State Hospitals and Special Schools
submitted to the Board of Control such a
voucher in the amount of $50.00 payable to
John L. Dietrich, Business Manager of the
Moody State School for Cerebral Palsied
Children.  The voucher covered reimburse-
ment out of Appropriation No. R-719 to Mr.
Dietrich for groceries he purchased for his
own personal use during October, 1952.  The
voucher was forwarded without Board of Control
approval to the Comptroller of Public Accounts
for issuance of a State warrant.  On November
14, 1952, the voucher was returned to the
Board of Control by the Comptroller with this
notation, 'Approval by the Board of Control.'

"The Board of Control feels that a transaction of this kind is not in any sense a purchase for a State Institution or Agency and thus our approval is not required on any resulting claim before a warrant can be issued by the Comptroller.

"The authority and procedure for such a transaction is set up by rules adopted by the Board for Texas State Hospitals and Special Schools, a copy of which we are enclosing, and we are unable to see how the Board of Control is involved.

"The State Comptroller feels that since we have approved all similar claims in the past, we should continue to do so before a State warrant is issued. We believe the practice is only a carry over from the time when the Board of Control operated the State Institutions and the auditing and approval of such claims was a part of the Hospital and School administrative function rather than a part of the purchase function."

Ordinarily, the purchase of all kinds of supplies for the various state agencies and institutions is the function of the Board of Control under the provisions of Article 634. This article has been construed by a number of Attorney General's Opinions, including V-677 (1948),0-3885 (1941), 0-2612 (1940), and 0-2595-A (1940).

The Board for Texas State Hospitals and Special Schools was created in 1949 by the 51st Legislature under the provisions of Article 3174b, V.C.S., and all powers and duties heretofore vested in and exercised by the State Board of Control over our state eleemosynary institutions was transferred to the newly created Board. Att'y Gen. Op. V-905 (1949). However, Section 2 of this act reads:

"Provided, however, that the Board of Control shall continue to handle purchases for such institutions in the same manner as they do for other State agencies."

There is no authority provided in the above act for the purchase of groceries by individual

employees of said institutions and reimbursements
to them by the State.  For that authority it is
necessary to turn to the provisions of the current
biennial appropriation bill (H. B. 426, Acts 52nd
Leg., R.S. 1951, ch. 499, p. 1228) which reads in
part, at page 1292:

> "Sec. 5.  Emoluments of Employees: (a)
> Under written direction of the Board and/or
> Council, subject to the approval of the
> Legislative Budget Board, institutional
> employees may receive such emoluments as
> the Board and/or Council may by rule and
> regulation prescribe.  Prior to granting or
> allowing such emoluments to any medical or
> supervisory personnel, which will require
> new or additional remodeling or construction,
> approval must be obtained in writing from
> the Legislative Budget Board.  A copy of such
> approval, when obtained, shall be filed with
> the Comptroller of Public Accounts and no
> expenditure of any funds herein appropriated
> or any local or other available funds shall
> be made without prior approval.

> "(b)  To prevent inequalities in salaries
> to those employees not receiving any or all
> of such emoluments, it is provided that the
> Superintendent, upon written approval of the
> Board and/or Council shall pay such employees
> an amount not to exceed Fifty Dollars ($50)
> per month each as an outside maintenance allow-
> ance.  It is specifically required, however,
> that no employee receiving an additional
> allowance as provided herein may receive any
> emoluments at any institution unless he reim-
> burses said institution for such emoluments
> at rates prescribed by rules and regulations
> of the Board and/or Council, subject to the
> approval of the Legislative Budget Board.
> Any such reimbursements are hereby appropriated
> only to the food appropriation for each insti-
> tution.  It is further specifically required
> that the Board and/or Council shall specify
> those employees who shall receive full emol-
> uments and those who shall receive the addi-
> tional monetary allowance.

"(c)   Emoluments may be granted to the Medical Director and Assistant Medical Director of the Board but for no other employee of the Board's Central Office."

It is our opinion that the transactions in question are not those regulated by Article 634, V.C.S.  They are not purchases by the State, but are individual purchases, the reimbursements for which are specifically authorized as emoluments under House Bill 426. There is no provision made for the Board of Control to approve or act in any way upon such allowances.  Approval by the Board for Texas State Hospitals and Special Schools of vouchers covering reimbursement for grocery purchases by designated personnel is all that is necessary and required before the application is made to the Comptroller for issuance of a state warrant. We do notice, however, that the Hospital Board rules you enclosed are merely some committee recommendations and do not bear any certificate of adoption by the Hospital Board; but we have been advised that proper rules have been adopted.

## SUMMARY

It is not necessary for the Board of Control to approve vouchers covering reimbursement of the grocery purchases by certain personnel of the Board for Texas State Hospitals and Special Schools.  These purchases are emoluments under the provisions of the current biennial appropriation bill and approval by the Hospital Board is sufficient.

APPROVED:

William S. Lott
State Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

VFT:jrb

Yours very truly,

PRICE DANIEL
Attorney General

By   V. H. Taylor
     V. F. Taylor
     Assistant